UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OREST DHIMA,

                               Plaintiff,

        -v-

OSMAN MALOKU, ET AL.,

                              Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 27 2012

12 Civ. 1707 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     Plaintiff, Orest Dhima, commenced this action in the Supreme Court of the State of New York, County of New York against his former employer, Perfect Building Management Corp. ("PBM"), and his former manager, Osman Maloku, alleging employment discrimination and false imprisonment. (Dkt. #1 Ex. A) More specifically, Plaintiff alleges that Defendants discriminated against him on the basis of his religion and national origin and that Defendants wrongfully detained him in PBM's corporate offices. Defendants seek to remove this case to federal court, arguing that Plaintiff's claims are preempted by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Dkt. #1) Defendants have also moved to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. (Dkt. #2) Plaintiff opposes Defendants' motion to dismiss and moves to remand this case to New York state court.[1] (Dkt. #8, 9) For the following reasons, the Court finds that Plaintiff's claims are not preempted and, therefore, that it does not have jurisdiction over this action. Consequently,

---

[1] Although Plaintiff's motion papers clearly indicate his belief that this case belongs in state court and not in federal court, they do not directly address the question of preemption. The Court must nonetheless evaluate Defendants' preemption argument given the Court's independent obligation to assess whether it has subject matter jurisdiction. *See United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994).

Plaintiff's motion to remand is GRANTED, and Defendants' motion to dismiss is DENIED for lack of jurisdiction.

## I. LEGAL STANDARD

"An action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court." *Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1970)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal citations omitted). Accordingly, "the party seeking remand is presumed to be entitled to it unless the moving party can demonstrate otherwise." *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000).

Federal question jurisdiction sufficient to support removal is governed by the "well-pleaded complaint rule," which provides that jurisdiction exists solely where a federal question is presented on the face of the properly pleaded complaint. *Caterpillar Inc., et al. v. Williams et al.*, 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if that defense is anticipated in the complaint and is the only question at issue. *Id.* However, if an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its

2

inception, a federal claim, and therefore arises under federal law. *Id.* This "complete preemption corollary to the well-pleaded complaint rule" applies to claims brought under § 301 of the LMRA. *Foy v. Pratt & Whitney Group*, 127 F.3d 229, 232 (2d Cir. 1997).

## II. FACTS

The following facts are taken from Plaintiff's Amended Complaint. (Dkt. #1 Ex. A) Plaintiff was formerly employed as a porter by PBM, during which time he was a union member. Defendant Maloku was the manager of the particular facility where Plaintiff was employed. During Plaintiff's period of employment, Defendant Maloku allegedly engaged in a pattern of deliberate discrimination and harassment of Plaintiff based on Plaintiff's national origin and religion. During one particular interaction, Plaintiff accidentally brushed Defendant Maloku's nose. As a result of this incident, Plaintiff was forced to go to PBM's corporate offices, where he was allegedly confined and could not voluntarily leave for fear of being terminated. Plaintiff alleges that he complained of Maloku's conduct to PBM management but they refused to listen because of their own bias against Plaintiff based on his national origin and religion. Plaintiff's employment was ultimately terminated, at which time he went to his union representative but was declined representation.

## III. DISCUSSION

Defendants contend that Plaintiff's claims are completely preempted by § 301 because they require interpretation of the collective bargaining agreement ("CBA") entered into by Plaintiff's union. (Mot. 6-8; Reply 1-3) Pursuant to § 301:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

3

29 U.S.C. § 185(a). In an effort to ensure a uniform federal common law to govern labor disputes, the Supreme Court has held that § 301 preempts not only state claims alleging the violation of a labor contract, but also state claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). However, not every suit tangentially involving a CBA is preempted. *Id.* at 211. § 301 does not preempt "non-negotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994).

Although Plaintiff does not cite with particularity the laws that Defendants are alleged to have violated, the Court construes the complaint as alleging claims for wrongful termination and hostile work environment in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and a claim for the common law tort of false imprisonment. With these particular claims in mind, the Court turns to the question of preemption.

### A. Plaintiff's Discrimination Claims

Defendants contend that Plaintiff's discrimination claims are completely preempted by § 301 because they are founded on rights arising out of the CBA and because the CBA requires Plaintiff to grieve or arbitrate such claims. (Reply 1-3) Defendants' argument fails for two reasons. First, Plaintiff's discrimination claims arise out of the NYSHRL, not the CBA, and are therefore independent of the CBA, even if the CBA provides parallel protections. Second, the grievance and arbitration provisions of the CBA are only relevant to Plaintiff's discrimination claims as a possible defense, and the Supreme Court has clearly held that removal jurisdiction cannot be premised on the defensive use of a CBA.

### 1. The Rights Afforded by the NYSHRL Are Independent of the CBA

Defendants argue that Plaintiff's discrimination claims are preempted because they are not independent of the CBA – that is, because the CBA prohibits discrimination, Plaintiff's claims must be understood as an attempt to vindicate rights arising out of the CBA. (Reply 3) The Court disagrees.

As an initial matter, numerous courts in this District have found that the rights afforded by the NYSHRL fall within the category of independent rights not preempted by § 301. *See, e.g., Prudenti v. Daily News, L.P.*, 2011 WL 2899226, at *3 (S.D.N.Y. July 11, 2011) (rights afforded by the NYSHRL are "precisely the type of 'nonnegotiable rights conferred on individual employees as a matter of state law' that are not preempted by § 301.") (quoting *Livadas*, 512 U.S. at 123); *Bryant v. Verizon Comm., Inc.*, 550 F. Supp. 2d 513, 529 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 182-83 (S.D.N.Y. 2003) (collecting cases).

Moreover, both the Supreme Court and Second Circuit have rejected the argument that rights which are independent in the first instance lose this status if the CBA provides parallel protections. For example, in *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 401 (1988), the Supreme Court held that the plaintiff's state law retaliatory discharge claim was not preempted by § 301 even though the CBA barred the same conduct. The Supreme Court reviewed the elements of the plaintiff's retaliatory discharge claim and found that none of them turned on the meaning of any provision of the CBA. *Id.* at 407. The Supreme Court concluded that "the state-law remedy in this case is 'independent' of the collective-bargaining agreement in the sense of 'independent' that matters for § 301 preemption purposes: resolution of the state-law claim does not require construing the collective bargaining agreement." *Id.* The Supreme Court

further stated that its conclusion was not altered by the fact that the CBA also barred retaliation and provided the plaintiff with a parallel remedy:

> We agree with the [lower] court's explanation that the state-law analysis might well involve attention to the same factual considerations as the contractual determination of whether Lingle was fired for just cause. But we disagree with the court's conclusion that such parallelism renders the state-law analysis dependent upon the contractual analysis. . . . . In other words, even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes.

*Id.* at 408.

Similarly, in *Baldracchi v. Pratt & Whitney Aircraft Div., United Tech. Corp.*, 814 F.2d 102, 107 (2d Cir. 1987), the Court of Appeals held that the plaintiff's wrongful discharge claim, premised on a Connecticut statue forbidding retaliation against employees for filing workers' compensation claims, was not preempted by § 301. The Court of Appeals held that because proof of the plaintiff's claim was independent of the terms of the collective bargaining agreement, it did not matter that the CBA also provided a procedure for redressing retaliatory discharge claims. *Id.* at 106.

Thus, both *Lingle* and *Baldracchi* dictate that Plaintiff's discrimination claims under the NYSHRL are independent of the CBA, and therefore not preempted by § 301, despite the fact that Defendants' alleged discriminatory conduct is also a violation of the CBA and actionable thereunder.

### 2. Removal Jurisdiction Cannot Be Founded On The Defensive Use of a CBA

Defendants' second argument for preemption of Plaintiffs' discrimination claims is that such claims are subject to mandatory arbitration and grievance procedures under the CBA, which means that in order to adjudicate these claims, a court will have to interpret the CBA. (Reply 2-

6

3) However, in light of the Supreme Court's decision in *Caterpillar*, Defendants' anticipated defensive use of the CBA cannot serve as the basis for removal jurisdiction.

In *Caterpillar*, former employees brought suit in California state court against their former employer, Caterpillar Tractor Company, for breach of contract stemming from oral promises made by the employer to the individual employees. 482 U.S. at 388-90. Caterpillar sought to remove the action to federal district court on the grounds that the employees' breach of contract claim was preempted by § 301 because the employees had entered into a CBA that superseded and extinguished any previous individual employment contracts. *Id.* at 390.

The Supreme Court concluded that the employees' cause of action did not arise under § 301 and expressly rejected the idea that the defense use of a CBA is sufficient to support removal jurisdiction:

> Caterpillar argues that § 301 pre-empts a state-law claim even when the employer raises only a defense that requires a court to interpret or apply a collective-bargaining agreement. Caterpillar asserts such a defense claiming that, in its collective-bargaining agreement, its unionized employees waived any pre-existing individual employment contract rights.
>
> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule – that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

482 U.S. at 398-99.

Based on this language, courts in this Circuit decline to exercise removal jurisdiction where interpretation of the CBA is only required by a defense. *See, e.g., Stuart v. Adelphi Univ.*, 1994 WL 593766, at *1 (S.D.N.Y. Oct. 28, 1994) (case alleging defamation and violation of NYSHRL was remanded because the claims were based exclusively on New York state law and because "the presence of a federal question, even a § 301 question, in a defensive argument does not create subject matter jurisdiction for purposes of removal"); *Shamoun v. Peerless Importers, Inc.*, 2003 WL 21781954, at *3 (E.D.N.Y. Aug. 1, 2003) (holding that under the well-pleaded complaint rule, the mere fact that defendant may raise the terms of the CBA as a defense does not establish removal jurisdiction).

In light of the Supreme Court's decision in *Caterpillar*, the Court finds that the anticipated defensive use of the CBA does not support removal jurisdiction.

\*   \*   \*

In conclusion, Defendants have failed to establish that Plaintiff's discrimination claims are preempted by § 301 and, as a result, they have failed to establish that this Court has jurisdiction over these claims.

### B. Plaintiff's False Imprisonment Claim

Defendants contend that because Plaintiff was called to PBM's offices in accordance with PBM's rights under the CBA, adjudication of Plaintiff's claim for false imprisonment will require interpretation of the CBA and that, as a result, the claim is preempted by § 301. (Mot. 6-7) In other words, Defendants argue that they were entitled to confine Plaintiff pursuant to the terms of the CBA. Because the only alleged relevance of the CBA is as a defense to a cause of action that otherwise exists as an independent state law claim, the Court finds that Plaintiff's false imprisonment claim is not preempted.

The elements of a common-law claim for false imprisonment are (1) that the defendant intended to confine the plaintiff, (2) that the plaintiff was conscious of the confinement and did not consent to the confinement, and (3) that the confinement was not otherwise privileged. *Martinez v. City of Schenectady*, 97 N.Y.2d. 78, 84 (2001). Importantly, the defendant bears the burden of proof as to privilege. *See, e.g., Hollender v. Trump Village Co-op.*, 58 N.Y.2d 420, 425 (1983); 59 N.Y. Jur. 2d False Imprisonment § 137. Thus, Defendants' contention that the CBA permitted PBM to confine Plaintiff is a defense. For the same reasons articulated *supra* pp. 7-8, the Court rejects this anticipated defensive use of the CBA as a basis for removal jurisdiction.[2] *See also Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 995, 998 (9th Cir. 2007) (in case involving claim for false imprisonment, court held that "[a] defense based on the CBA is alone insufficient to require preemption."); *Cabibbo v. Parsons Inspect. & Maint. Corp.*, 2009 WL 3074731, at *5 (D.N.J. Sept. 23, 2009) (elements of false imprisonment do not require interpretation of CBA); *Petrofski v. Chrysler LLC*, 2008 WL 5725581, at *6 (N.D. Ohio Jan 17, 2008) (the defendant's reliance on its obligation under the CBA to provide a safe workplace was not sufficient to preempt state law malicious prosecution claim).

---

[2] The Court notes that Defendants do not argue that interpretation of the CBA is required to establish either of the other two elements of Plaintiff's false imprisonment claim.

9

IV.  CONCLUSION

For the foregoing reasons, the Court finds that it does not have jurisdiction over Plaintiff's state law discrimination and false imprisonment claims.  Consequently, Plaintiff's motion to remand is GRANTED, and Defendants' motion to dismiss is DENIED for lack of jurisdiction.  This action is REMANDED to the Supreme Court of the State of New York, County of New York, and the Clerk of the Court is instructed to close this case.

SO ORDERED.

Dated: September 27, 2012
       New York, New York

_____
ALISON J. NATHAN
United States District Judge